**In re GUARDIAN EQUIPMENT CORPO-RATION, f/k/a Guardian Security Equipment, Inc., Debtor.**

**GUARDIAN EQUIPMENT CORPORATION, Plaintiff,**

**v.**

**FIRST FEDERAL SAVINGS & LOAN OF LAKE WORTH, a national banking institution, and Hawkeye Alarm Company, Defendants.**

**Bankruptcy No. 81–01452–BKC–SMW. Adv. No. 82–0293–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

Sept. 10, 1982.

---

Norman L. Schroeder, McGee, Johnson, Shuey, Koons & Schroeder, P.A., Lake Worth, Fla., for Lake Worth.

Roger C. Lambert, Boca Raton, Fla., for Hawkeye.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE, coming on to be heard upon an Amended Complaint to Recover Accounts Receivable and for Declaratory Judgment and the Counterclaims filed thereto herein, the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel, and the Court having jurisdiction over the parties and subject matter of this action, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The Complaint of Plaintiff/Counterdefendant, GUARDIAN EQUIPMENT CORPORATION, f/k/a GUARDIAN SECURITY EQUIPMENT, INC., Debtor in Possession (hereinafter referred to as "Debtor"), seeks recovery of accounts receivable due and owing from FIRST FEDERAL SAVINGS & LOAN OF LAKE WORTH (hereinafter "LAKE WORTH") for goods provided and services rendered pursuant to certain leases and contracts existing between the Debtor and LAKE WORTH. The Debtor's Complaint further seeks Declaratory Judgment determining the priority, validity and extent of the lien filed against LAKE WORTH by HAWKEYE ALARM COMPANY (hereinafter "HAWKEYE").

LAKE WORTH has counterclaimed, seeking an Order of Interpleader with LAKE WORTH as stakeholder and the Debtor and HAWKEYE as claimants. LAKE WORTH'S Counterclaim seeks direction from the Court as to which claimant is entitled to the monies which it is holding.

Patricia A. Redmond, Miami, Fla., for debtor.

LAKE WORTH additionally has cross-claimed against HAWKEYE, disputing the validity of the HAWKEYE lien pursuant to Florida Statutes, Chapter 713. The matter was tried before this Court on June 24, 1982.

The Court has entered a preliminary Order of Interpleader in the case *sub judice,* approving the stipulated amount determined to be due and owing to the Debtor by LAKE WORTH in the sum of $6,260.99. Said preliminary Order further directs LAKE WORTH to segregate said amount in the authorized trust account of McGee, Jordan, Shuey, Koons & Schroeder, P.A. Thus, the only issue remaining to be determined by this Court is the priority, validity and extent of the lien filed by HAWKEYE upon which it bases its claim · to the $6,260.99 interpled by LAKE WORTH.

The only factual dispute arising at the trial of this matter concerned the date on which employees of HAWKEYE commenced work on the Plantation Center office of LAKE WORTH. LAKE WORTH introduced evidence supporting its contention that representatives of HAWKEYE first appeared on the premises and began work on April 12, 1981. HAWKEYE, however, presented testimony by its president, detailing all work done and the number of employees present at the Plantation Center office of LAKE WORTH during the time of the subcontracting services. According to testimony by HAWKEYE'S president, subcontracting work on the holdup and burglary alarm system was commenced on June 13, 1981.

The remainder of the material facts are undisputed. HAWKEYE filed its Notice to Owner on LAKE WORTH on July 28, 1981, finished work on the Plantation Center office on August 17, 1981, and filed its Amended Claim of Lien on September 23, 1981. Further, there is no dispute by LAKE WORTH concerning the satisfactory completion of all labor and services.

■ The Court finds the testimony of the president of HAWKEYE detailing the daily work, time and labor to be the most clear and convincing evidence of the time when work was actually commenced, thereby determining June 13, 1981, to be the commencement date. Therefore, since HAWKEYE has complied with the Mechanic's Lien Statute (Florida Statutes, Chapter 713) in filing its Notice to Owner within forty-five (45) days of commencing work pursuant to Florida Statutes, § 713.06(2)(a), and further complied with Florida Statutes, § 713.08(5), by filing its Claim of Lien within ninety (90) days of August 17, 1981, the date upon which the work was. completed, the Court finds the HAWKEYE lien in the amount of $8,842.40 to be valid.

Having found that the lien filed by HAWKEYE is valid and, accordingly, that HAWKEYE stands in a secured position to the extent of the stipulated indebtedness of $6,290.99 and an unsecured position for the $2,581.41 balance, the Court now turns its attention to effectuating a release of the lien filed by HAWKEYE against LAKE WORTH.

■ 11 U.S.C., § 105(a), which encompasses a broad grant of powers to the Bankruptcy Court, provides that the Bankruptcy Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. Pursuant to said provision, this Court finds that in order to achieve a fair and equitable resolution of this matter, HAWKEYE shall release the lien filed against LAKE WORTH in the amount of $8,842.40, thereby providing LAKE WORTH with free and clear title upon payment into escrow of the stipulated indebtedness of $6,260.99. Said funds will be segregated pursuant to the Order of Interpleader entered herein in the trust account of McGee, Jordan, Shuey, Koons & Schroeder, P.A. Upon disbursement of funds under the Debtor's Plan of Reorganization, HAWKEYE will share in the distribution of the Estate pursuant to to the order of priority under § 507 of the Bankruptcy Code (11 U.S.C., § 507) as detailed in the Debtor's Plan of Reorganization.

In accordance with the foregoing, LAKE WORTH will be ordered to segregate the

stipulated indebtedness of $6,260.99 in its trust account, pending further Order of this Court. The Court will further order that HAWKEYE will hold a secured position in the amount of $6,260.99 and an unsecured position in the amount of $2,581.41, with distribution to be made, if at all, at the time of funding of the Debtor's Plan of Reorganization. Further, the Court will order that HAWKEYE release its lien of record on the property of the Plantation Center office of LAKE WORTH.

A separate Final Judgment shall be entered in accordance with these Findings of Fact and Conclusions of Law.